IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| CLIFFORD ALLEN SMITH, TDCJ #576142, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. G-06-0446 |
| DARRELL A. APFFEL, | § § § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

The plaintiff, Clifford Allen Smith (TDCJ #576142), is a state inmate in custody of the Texas Department of Criminal Justice – Correctional Institutions Division (collectively, "TDCJ"). Smith has filed a civil rights complaint under 42 U.S.C. § 1983. He appears *pro se* and *in forma pauperis*. After reviewing all of the pleadings as required by 28 U.S.C. § 1915A, the Court concludes that this case must be **dismissed** for reasons that follow.[1]

**I.   BACKGROUND**

Smith is currently incarcerated at TDCJ's Wynne Unit in Huntsville, Texas. Smith sues Judge Darrell A. Apffel, in his official capacity as presiding Justice of the Peace for Precinct Five in Galveston County, Texas. According to the pleadings in this case, Smith complains that he was denied his constitutional rights during a proceeding related to "the issuance of bad checks" in violation of Texas law. (Doc. # 13, at 1). Smith claims that he

---

[1] On October 25, 2007, this case was reassigned pursuant to General Order No. 2007-10 to United States District Judge Melinda Harmon. This case is being handled by the undersigned by agreement of the judges.

was found guilty of writing bad checks and assessed a fine of $768.00 on May 24, 2006. (*Id.*).

According to exhibits provided by Smith, he was charged in Justice of the Peace Court No. 5 with multiple cases of writing bad checks (H060794, H060795, H060796, H060798, H060799, H07800, and H060801) to a local grocery store in the amounts of $31.88, $26.49, $11.35, $11.35, $26.86, $36.84, $20.00, and $24.49. (Doc. # 13, Letter Notice dated May 24, 2006, of a Criminal Complaint). A citation issued by Judge Apffel on May 24, 2006 directed Smith to pay a fine of $768.00 on or before June 27, 2006, in the form of a money order made out to Galveston County, and to provide proof of payment to the grocery store. Smith, who reports that he was in Galveston County Jail on unrelated charges at the time the citation issued, did not pay the fine.[2] Because of the pending citation, the Texas Department of Public Safety declined to renew Smith's driver's license on July 14, 2006, until he resolved the outstanding charges pending before Judge Apffel. (Doc. # 13, Notice of Denial of Renew of Texas Driver's License).

---

[2] Smith explains that he was in Galveston County Jail on May 24, 2006, awaiting trial in the 405th District Court of Galveston County, Texas, in cause number 05-CR-1182, and in Galveston County Court at Law No. 2, in cause number 253667. Smith notes that both of these cases were subsequently dismissed by the District Attorney's Office. Smith was also in custody, however, pursuant to a "Blue Warrant issued by the Parole Board." Smith does not provide any details about the criminal charges against him, or the allegations forming the basis for the warrant to revoke his parole. Smith remains in custody of TDCJ, however, and prison records show that he is presently serving multiple forty-year prison sentences for robbery and a forty year sentence for burglary of a building in state court cause numbers 90-CR-1435, 90-CR-1431, 90-CR-1432, 90-CR-1433, and 90-CR-1434. *See* TDCJ Offender Information Detail, www.tdcj.state.tx.us (last visited November 5, 2007).

Smith complains that, by issuing the charges against him and imposing a fine, Judge Apffel violated his constitutional rights under the Sixth and Fourteenth Amendment. (Doc. # 13, at 2). Smith contends further that, by violating his constitutional rights, Judge Apffel engaged in official oppression, abuse of official capacity, and obstruction of justice. (*Id.* at 4). Smith asks this Court to issue an injunction against Judge Apffel, directing him to vacate any conviction for issuing bad checks so that Smith may renew his drivers' license. Smith further demands that criminal charges be lodged against Judge Apffel for his role in the conviction. Smith also seeks any and all other relief that he may be entitled to by law. A review of the pleadings demonstrates, however, that the complaint must be dismissed for reasons discussed further below.

## II.   STANDARD OF REVIEW

The complaint in this case is governed by the Prison Litigation Reform Act (the "PLRA"), which mandates initial screening of a prisoner civil rights complaint. Upon initial screening of a prisoner civil rights complaint, the PLRA requires a district court to scrutinize the claims and dismiss the complaint, in whole or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted;" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A reviewing court may dismiss a complaint for these same reasons "at any time" where a party proceeds *in forma pauperis*. 28 U.S.C. § 1915(e)(2)(B) (mandating dismissal where the complaint is "frivolous or malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief").

A district court may dismiss a prisoner's complaint as frivolous if the complaint "lacks an arguable basis in law or fact." *Geiger v Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A review for failure to state a claim is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir.) (citing *Moore v. Carwell*, 168 F.3d 234, 236 (5th Cir. 1999) (citation omitted)), *cert. denied*, 537 U.S. 1049 (2002). Under this standard, "[t]he complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S. Ct. 1955, 1964-65 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A complaint must be dismissed for failure to state a claim if the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974. Of course, "[a] document filed *pro se* is 'to be liberally construed,' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, — U.S. —, 127 S. Ct. 2197, 2200 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

4

### III. DISCUSSION

Liberally construed, Smith filed this civil rights lawsuit seeking injunctive relief, damages, and criminal prosecution against Judge Apffel for constitutional deprivations that Smith allegedly suffered during a criminal proceeding for issuance of bad checks. Smith's civil rights complaint is governed by 42 U.S.C. § 1983, which provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To establish liability under § 1983, a civil rights plaintiff must establish two elements: (1) state action, *i.e.*, that the conduct complained of was committed under color of state law, and (2) a resulting violation of federal law, *i.e.,* that the conduct deprived the plaintiff of rights secured by the Constitution or laws of the United States. *See Collins v. City of Harker Heights*, 503 U.S. 115, 120 (1992); *Baker v. McCollan*, 443 U.S. 137, 142 (1979); *see also Townsend v. Moya*, 291 F.3d 859, 861 (5th Cir. 2002) (In short, "[s]ection 1983 provides a claim against anyone who, 'under color of' state law, deprives another of his or her constitutional rights.") (citing *Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d 443, 452 (5th Cir. 1994)). Smith fails to show that he is entitled to recover any of the relief sought under 42 U.S.C. § 1983.

### A. Smith's Request for Criminal Prosecution

Smith alleges that, by imposing a fine against him, Judge Apffel engaged in official oppression, abuse of office, and obstruction of justice, among other things, in violation of Texas criminal law. To the extent that Smith has lodged claims for violations of the Texas Penal Code, he has no standing to sue for violations of criminal law. In that regard, the Texas Penal Code does not create a private right of action. *See Aguilar v. Chastain*, 923 S.W.2d 740, 745 (Tex. App.—Tyler 1996, writ denied); *Spellmon v. Sweeney*, 819 S.W.2d 206, 211 (Tex. App.—Waco 1991, no writ). Likewise, Smith's contention that the defendant violated Texas law is not sufficient to state a claim under 42 U.S.C. § 1983, which requires a plaintiff to demonstrate a constitutional violation.

In addition, to the extent that Smith seeks to initiate criminal charges against Judge Apffel, there is no constitutional right to have someone criminally prosecuted. *See Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990). Nor is there a constitutional right to have someone investigated. The decision to charge an individual with criminal violations is solely within the discretion of the district attorney. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *Doyle v. Oklahoma Bar Ass'n*, 998 F.2d 1559, 1566-67 (10th Cir. 1993) (private citizen has no standing to have lawyer disciplined or criminally charged); *Satler v. Johnson*, 857 F.2d 224, 227 (4th Cir. 1988) (neither member of public at large nor victim has right to have another criminally prosecuted). Smith's quest for criminal prosecution is without an arguable basis in law. *See Oliver*, 914 F.2d at 60. Accordingly,

these allegations are subject to dismissal for failure to state a claim upon which relief can be granted.

### B. Judicial Immunity

To the extent that Smith seeks monetary damages, it is well settled that judges are entitled to absolute immunity from such claims arising out of acts performed in the exercise of their judicial functions. *See Stump v. Sparkman*, 435 U.S. 349, 355 (1978); *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994) (citing *Graves v. Hampton*, 1 F.3d 315, 317 (5th Cir. 1993)). "Absolute immunity denies a person whose federal rights have been violated by a government official from obtaining any type of remedy, regardless of the conduct." *Beck v. Texas Bd. of Dental Exam.*, 204 F.3d 629, 634 (5th Cir. 2000). Allegations of bad faith or malice do not overcome judicial immunity. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991). Neither do allegations of procedural errors. *See Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991). Judicial immunity may be overcome only by showing that the actions complained of were nonjudicial in nature or were taken in the complete absence of all jurisdiction. *See Mireles*, 502 U.S. at 11-12.

The pleadings in this case fall well short of the type of allegations necessary to deprive a judge of absolute immunity. In that regard, Smith does not allege that Judge Apffel's actions were non-judicial or that the actions were done without jurisdiction. Thus, to the extent that Smith seeks monetary damages from a defendant who is immune from such relief, his claims are subject to dismissal for this reason.

### C. Alternatively, Smith's Claims Are Barred by *Heck v. Humphrey*

7

In addition, Smith cannot recover monetary damages for alleged violations of his civil rights in connection with his conviction for issuing bad checks because he does not demonstrate that the conviction has been overturned or set aside. To recover damages based on allegations of "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a [civil rights] plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). A claim for damages that bears a relationship to a conviction or sentence that has not been so invalidated is not cognizable under 42 U.S.C. § 1983. *Id.* Therefore, if a judgment in favor of the plaintiff would "necessarily imply the invalidity of his conviction or sentence," then the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Id.*

Smith concedes in his pleadings that his conviction for issuing bad checks has not been set aside. Because Smith's allegations would, if true, necessarily imply the invalidity of his conviction, and perhaps his continued incarceration if the bad check conviction was used to revoke his parole, Smith's civil rights claims are not cognizable under 42 U.S.C. § 1983 at this time and his complaint must be dismissed with prejudice. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (explaining that claims barred by *Heck* are "dismissed with prejudice to their being asserted again until the *Heck* conditions are met").

8

### D. Smith's Claims for Declaratory or Injunctive Relief

To the extent that Smith seeks declaratory or injunctive relief in the form of an order directing Judge Apffel to vacate Smith's conviction, relief is precluded by the Federal Courts Improvement Act of 1996 ("FCIA"), Pub. L. No. 104-317, Title III, § 309(c), 110 Stat. 3853 (Oct. 19, 1996), which amended 42 U.S.C. § 1983 to narrow the availability of injunctive relief against judicial officers. *See Bauer v. Texas*, 341 F.3d 352, 357 (5th Cir. 2003); *Burdine v. Huffman*, 229 F. Supp.2d 704, 707 (S.D. Tex. 2002). The amended portion of the statute provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief *shall not be granted* unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983 (emphasis added). Smith fails to show that he meets this criteria.[3] Accordingly, the Court concludes that Smith's complaint is frivolous because he has failed to state a claim with an arguable basis in law under 42 U.S.C. § 1983 or to show that he is otherwise entitled to the relief that he requests. Accordingly, his complaint must be dismissed.

### IV. CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

---

[3] Smith insists that his criminal conviction for writing bad checks must be vacated because he was denied due process, among other things. His claims are actionable, if at all, under the federal habeas corpus statutes found at 28 U.S.C. § 2254. *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973). The Court declines to reclassify this case as a habeas corpus proceeding under 28 U.S.C. § 2254 because Smith fails to allege facts showing that he is entitled to review, much less relief. There is no record that Smith ever filed a direct appeal or a state habeas corpus application to challenge the conviction that he references in his complaint. Therefore, Smith does not establish that he has exhausted available state court remedies as required before seeking federal habeas corpus relief. *See* 28 U.S.C. § 2254(b).

1.	The plaintiff's complaint is **DISMISSED** with prejudice.

**The Clerk is directed to provide a copy of this order to the parties.  The Clerk will also provide a copy of this order by regular mail, facsimile transmission, or e-mail to: (1) the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; and (2) the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Manager of the Three-Strikes List.**

SIGNED at Houston, Texas, on December 5th , 2007.

_____
Nancy F. Atlas
United States District Judge